IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLIE JOE CHAPMAN, | |
| Petitioner, | 4:18CV3002 |
| vs. | |
| LINCOLN REGIONAL CENTER, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me for initial review of Petitioner Billie Joe Chapman's ("Chapman") habeas corpus petition that I construe as seeking relief under 28 U.S.C. § 2241. I conduct an initial review of the petition under 28 U.S.C. § 2243. Moreover, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 action. Chapman has filed four earlier petitions regarding his ongoing state criminal proceeding, all of which have been denied without prejudice, and I take judicial notice of the records of this court in those cases. (*See* 8:17CV137; 8:17CV165; 8:17CV317; 8:17CV399.)[1] For the reasons that follow, I will also dismiss this petition without prejudice.

Chapman is currently being held in the Lincoln Regional Center as a result of what he claims is an invalid order of commitment by the Douglas County District Court of Nebraska dated August 21, 2017. Chapman's state case records,[2] available to this court on-line, show that Chapman was indeed declared incompetent to stand trial on August 21, 2017, and the state judge further determined that there was a substantial probability that in the foreseeable future

---

[1] Chapman also has another habeas petition and "petition for further review" pending at 4:18CV3010.

[2] *State v. Chapman*, No. CR17-729, Douglas County, Nebraska District Court.

Chapman will become competent. Chapman appealed[3] the August 21, 2017 decision finding him incompetent, and that appeal was dismissed by the Nebraska Court of Appeals on November 13, 2017, because "[t]he order appealed from dated August 21, 2017, was not a final, appealable order and the appeal was not timely filed." (Filing No. 1 at CM/ECF p.6.)[4] This finding by the Nebraska Court of Appeals serves as the primary basis for Chapman's current habeas petition.

Essentially, Chapman asserts that the August 21, 2017 order of commitment was not made a part of the state court record, and thus, he is being illegally detained in the Lincoln Regional Center without a valid, final order contained in the record. Examination of the state court records shows that the August 21, 2017 order of commitment was not included in the electronic transcript prepared by the Douglas County District Court and sent to the Nebraska Court of Appeals. (*See* Filing No. 6 at CM/ECF p.5.) As a result, the Nebraska Court of Appeals found there was no final, appealable order for it to review. While I understand Chapman's assertions that the omission of the August 21, 2017 order from the appellate transcript frustrated his ability to exhaust his state judicial remedies, Chapman's claim that there is no valid, final order of commitment whatsoever in the state court record is simply incorrect.

The August 21, 2017 order of commitment is clearly contained within the Douglas County District Court case records and bears the file stamp of the Clerk of the Douglas County District Court dated August 21, 2017. (*See* Filing No. 1 at

---

[3] *State v. Chapman,* No. A-17-001003, Nebraska Court of Appeals.

[4] Chapman has filed copies of several documents related to his state court criminal proceedings with his habeas petition and in separate motions pending before the court. (*See* Filing Nos. 1, 6.) Also, as I have noted before, this court has been afforded access to the computerized record keeping system for the Nebraska state courts. I take judicial notice of the state court records related to this case in *State v. Chapman*, No. CR17-729, Douglas County, Nebraska District Court, and the Nebraska Court of Appeals appellate case records in A-17-001003. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

CM/ECF p.10–11.) For reasons unknown, however, it was not included in the transcript submitted to the Nebraska Court of Appeals.[5] When the transcript was submitted to the state appellate court, a copy was also delivered to Chapman. (Filing No. 6 at CM/ECF p.4.) Pursuant to the Nebraska Court Rules of Appellate Procedure, if Chapman believed the transcript was missing necessary records, then he was responsible for ensuring the clerk included those additional parts of the record. Neb. Ct. R. App. P. § 2-104(A)(2) ("If the appellant is of the opinion that other parts of the record are necessary for the proper presentation of the errors assigned in this court, he or she shall further direct the clerk to include in the transcript such additional parts of the record as he or she shall specify in the praecipe . . . ."). Indeed, Chapman attempted to supplement the record with a copy of the August 21, 2017 order of commitment in a motion filed after his appeal had been dismissed, which the Nebraska Court of Appeals summarily overruled. Thus, even Chapman has acknowledged that there is a final order finding him incompetent to stand trial and committing him to the Lincoln Regional Center.

Notwithstanding the omission of the August 21, 2017 order of commitment from the appellate transcript, the fact remains that Chapman's appeal was untimely as the Nebraska Court of Appeals concluded. Contrary to Chapman's assertions, Nebraska does not follow the prison mailbox rule, and his notice of appeal filed on September 21, 2017, was filed one day after the 30-day time period for filing a notice of appeal had expired. *See* Neb. Rev. Stat. § 25-1912(1) (notice of appeal must be filed "within thirty days after the entry of [a] . . . final order"); *State v. Hess*, 622 N.W.2d 891, 900 (Neb. 2001) ("[T]he date of receipt by the clerk's office, and not the date of mailing, is the relevant date for determining the timeliness of a notice of appeal, as Nebraska does not have a 'prison delivery rule.'").

---

[5] This omission also explains my characterization in 8:17CV399 of Chapman's appeal as an appeal of the state court's order requiring a mental health evaluation, rather than an appeal of the order of commitment. (*See* Filing No. 4, Case No. 8:17CV399.) As explained here, I now appreciate the full picture of what occurred with Chapman's appeal. That appreciation, however, does not convince me that Chapman is entitled to federal habeas relief.

As I have told Chapman before, principles of comity and federalism require a federal court to abstain from deciding a pretrial habeas claim under 28 U.S.C. § 2241 unless the prisoner demonstrates that (1) he or she has exhausted available state judicial remedies, and (2) special circumstances warrant federal intervention. As in the related cases he has filed in this Court, Petitioner has failed to overcome those hurdles in this case. *See, e.g.*, *Davis v. Mueller*, 643 F.2d 521, 525 (8th Cir.1981) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the " 'notion of comity' " and "the proper respect for state functions").

Chapman has not demonstrated special circumstances warranting this court's intervention in his ongoing state criminal proceedings. While Chapman claims his speedy trial rights under Neb. Rev. Stat. § 29-1207 have been violated, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A violation of Nebraska's six-month rule in Neb. Rev. Stat. § 29-1207 would constitute an affirmative defense. *See Duffy v. Brown Cty., S.D.*, No. CIV 11-1038, 2012 WL 252641, at *10 (D.S.D. Jan. 25, 2012) (concluding petitioner did not present exceptional circumstances to warrant habeas relief where petitioner alleged violation of South Dakota's 180-day speedy trial rule). Here, Chapman does not seek to enforce his right to be brought promptly to trial, but rather seeks outright dismissal of his state charges based on Nebraska law, when such issue has not been addressed by the state courts.[6] Under these circumstances, federal interference with enforcement of Nebraska's criminal laws is not warranted. *See Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974).

---

[6] It appears that Chapman has only recently presented this issue to the state district court in a motion for discharge filed on February 1, 2018. While the District Court of Douglas County, Nebraska has stated it will not rule on any of Chapman's motions while he is incompetent, there is no indication that state court review of this issue will be precluded entirely, especially given the periodic reviews required by the competency statute discussed below.

Moreover, avenues for state court review remain available to Chapman courtesy of Nebraska's competency statute, Neb. Rev. Stat. § 29-1823. Pursuant to that statute, the state district court is required to hold a hearing in Chapman's criminal case "[w]ithin six months after the commencement of the treatment ordered . . . , and every six months thereafter . . . to determine . . . whether the accused is competent to stand trial." Neb. Rev. Stat. § 29-1823. When Chapman is brought up on review and if he is determined to be competent at that time, there is no indication that he will not be afforded an opportunity to raise any constitutional claims he may have and have them heard by the state courts. And if he is determined to still be incompetent to stand trial, Chapman will be able to appeal and challenge that determination in state court. *See State v. Guatney*, 299 N.W.2d 538, 543 (Neb. 1980) (holding that "an order finding [an accused] incompetent to stand trial and ordering him confined until such time as he is competent is a final order from which an appeal may be taken.").

Because Chapman has not exhausted his state court remedies and no special circumstances warrant federal intervention, Chapman's petition for a writ of habeas corpus will be dismissed without prejudice.

Although Chapman sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. *See also Hoffler v. Bezi*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability).The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court has applied the appropriate standard and determined that Chapman is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (Filing No. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. All pending motions (Filing Nos. 3, 4, 6, 7, 8, 9, & 10) are denied.

3. A judgment will be entered by separate document.

Dated this 22nd day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge